647 So.2d 313 (1994)
S.W.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03526.
District Court of Appeal of Florida, Second District.
December 16, 1994.
*314 Peter N. Macaluso, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Tonja R. Vickers, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, S.W.M., a child, challenges the trial court's order adjudicating him delinquent for committing the act of escape. We affirm.
The state filed a petition against appellant charging him with escape from a halfway house in violation of section 39.112, Florida Statutes (1989). Appellant filed a motion to dismiss the petition on the basis that it was invalid because section 39.112 had been repealed by the legislature. The trial court denied the motion to dismiss. Appellant entered a plea of nolo contendere reserving the right to appeal the ruling on his motion to dismiss. Appellant was adjudicated delinquent and committed to the custody of the Department of Health and Rehabilitative Services. He filed this timely appeal.
In 1992 appellant was charged pursuant to the "old" escape statute section 39.112. Section 39.112, however, had been repealed effective October 1, 1990, when the "new" escape statute, section 39.061, Florida Statutes (Supp. 1990), became effective. The new escape statute, section 39.061, was found unconstitutional in D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992). This court followed D.P. in State v. Brower, 608 So.2d 536 (Fla. 2d DCA 1992).
The appellant argued that it was improper to prosecute him under section 39.112 since that statute had been repealed. Appellant further argued that the ruling in D.P., that the new escape statute section 39.061 was unconstitutional, did not have the effect of reviving the old escape statute section 39.112. In denying the motion to dismiss, the trial court ruled that since the new escape statute, section 39.061, had been found unconstitutional, the provision in the new statute which repealed section 39.112 must also be void. The trial court reasoned that since the repealer provision was void, the repealed statute, section 39.112, should remain in full force and effect.
The supreme court in B.H. v. State, 645 So.2d 987 (Fla. 1994), has issued an opinion which resolves the issues in the instant appeal. The court found that section 39.061, Florida Statutes (Supp. 1990), was unconstitutional for violating both the nondelegation and vagueness doctrines. The court also held that the failure of section 39.061, Florida Statutes (Supp. 1990), worked an automatic revival of its immediate predecessor section 39.112, Florida Statutes (1989). The supreme court cited the general rule which states that when the legislature approves unconstitutional statutory language and simultaneously repeals its predecessor, then the judicial act of striking the new statutory language automatically revives the predecessor unless it, too, would be unconstitutional. This rule, as noted by the supreme court, is generally applicable only where the loss of the invalid statutory language will result in a "hiatus" in the law that would be intolerable to society.
Therefore, according to the supreme court's holding in B.H. there was an automatic revival of section 39.112. Accordingly, we hold that the trial court properly denied the appellant's motion to dismiss and we affirm.
Affirmed.
DANAHY, A.C.J., and SCHOONOVER and FULMER, JJ., concur.